# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-24822-CIV-ALTONAGA/Goodman

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,

v.

**NIT ENTERPRISES, INC. (Delaware)**;
**NIT ENTERPRISES, INC. (Florida)**;
**NIT ENTERPRISES FL, INC.**;
**GARY R. SMITH**;
**JASON M. GANTON**; and
**JAMES E. CLEARY**,

        Defendants, and

**ARIADNI SMITH a/k/a "AUDREY CARRESE**,**"**

        Relief Defendant.

_____/

## JUDGMENT AS TO DEFENDANT NIT ENTERPRISES, INC. (DELAWARE)

**THIS CAUSE** came before the Court upon the Agreed Motion by Plaintiff Securities and Exchange Commission ("Commission") and Defendant, NIT Enterprises, Inc. (Delaware) ("Defendant") [ECF No. 36] having entered a general appearance, consented to the Court's jurisdiction over Defendant as well as the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint [ECF No. 1] (except as to jurisdiction), waived findings of fact and conclusion of law and waived any right to appeal from this Judgment.

CASE NO. 19-24822-CIV-ALTONAGA/Goodman

**I.**

**Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934**

**IT IS ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. section 78j(b) and Rule 10b-5 promulgated thereunder 17 C.F.R. section 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security,

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would   operate as a fraud or deceit upon any person,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendant's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

## II.

### Section 17(a) of the Securities Act of 1933

**IT IS ORDERED AND ADJUDGED** that the Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. section 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation

to any person; (E) Defendant's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

### III.

#### Section 5(a) and 5(c) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that the Defendant is permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act, 15 U.S.C. section 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. section 77h.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

### IV.

### DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that the Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. section 77t(d), and Sections 21(d)(3) of the Exchange Act, 15 U.S.C. sections 78u(d)(3). The Court shall determine the amounts of the disgorgement, prejudgment interest and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated as of November 21, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. section 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) the Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) the Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

CASE NO. 19-24822-CIV-ALTONAGA/Goodman

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

## **RECORDS PRESERVATION**

**IT IS ORDERED AND ADJUDGED** that pending the Court's determination of the issues of disgorgement, prejudgment interest, and a civil penalty as provided in paragraph IV of the judgement, Defendant and its directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to the Defendant wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.

## **CONSENT**

**IT IS ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the Defendant shall comply with all of the undertakings and agreements set forth therein.

CASE NO. 19-24822-CIV-ALTONAGA/Goodman

## VII.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED**  that the Court retains jurisdiction over this

matter for the purposes of enforcing the terms of this Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of January, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record